IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YASHIRA QUILES-CARRASQUILLO,<br><br>**Plaintiff,**<br><br>v.<br><br>LOUIS DEJOY,<br><br>**Defendant.** | **Civil No.** 23-1468 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Louis DeJoy, postmaster general of the United States Postal Service ("USPS" or "defendant")'s objection to the order entered by Magistrate Judge Héctor L. Ramos-Vega (the "magistrate judge") at docket no. 189, sanctioning USPS with a one hundred dollar fine in connection with a document production order.  (Docket No. 198.)  Also before the Court is plaintiff Yashira Quiles-Carrasquillo ("Quiles-Carrasquillo")'s objection to the orders entered by the magistrate judge at docket nos. 190 and 200, rejecting her challenge to USPS's responses to her requests for admission.  (Docket No. 202.)  For the reasons set forth below, the magistrate judge's order at docket no. 189 is not clearly erroneous or contrary to law, and the Court **DENIES** USPS's requested relief.  The magistrate judge's orders at docket nos. 190 and 200 are also not clearly erroneous or contrary to law, and the Court **DENIES** Quiles-Carrasquillo's requested relief.

Civil No. 23-1468 (FAB)                                                        2

**I.  Background**

Quiles-Carrasquillo serves as the postmistress for the United States post office in Luquillo, Puerto Rico.  See Docket No. 1 at p. 2.  She brought this suit against USPS pursuant to Title VII of the Civil Rights Act of 1964.  Id. at pp. 1-2.  The complaint stems from an incident occurring on February 19, 2022 between Quiles-Carrasquillo and Luis Soto, a former USPS employee and American Postal Workers Union representative.  Id. at pp. 2-4.  Quiles-Carrasquillo alleges that Luis Soto behaved inappropriately by making sexually explicit, offensive, and threatening remarks to her.  Id.  She claims that USPS took insufficient action in response to the incident, causing her significant injuries.  Id. at pp. 4-14.

To support her claim, Quiles-Carrasquillo requested USPS to provide her with the USPS Office of Inspector General ("OIG") incident report for the events of February 19, 2022.  See Docket No. 174 at 2-3.  USPS objected to the discovery request on various grounds, one of which was that it did not have the report in its records.  See id. at pp. 3-4; Docket No. 174-2 at pp. 37-38.  The OIG, however, informed both Quiles-Carrasquillo and USPS that it had prepared an incident report and had sent it to USPS in August 2023, nearly two years before Quiles-Carrasquillo requested it.  See Docket No. 184 at p. 8.  Upon learning this, Quiles-

Civil No. 23-1468 (FAB)                                                3

Carrasquillo filed a motion to compel against USPS to produce the report.  Id. at pp. 11-12; Docket No. 176.  USPS objected to the motion to compel but agreed to voluntarily produce the report if the Court entered a protective order limiting its broader dissemination.  Id. at pp. 13-14.  The magistrate judge entered a protective order as requested by USPS, found the motion to compel moot, and ordered USPS to produce the report pursuant to the protective order.  (Docket No. 189.)  Because the report was ordered produced, the magistrate judge assessed a one hundred-dollar fine against USPS pursuant to the Case Management Order. Id.; Docket No. 130 at p. 9.

    Quiles-Carrasquillo also served USPS with requests for admissions concerning incidents where Luis Soto allegedly behaved improperly towards other female USPS employees.  See Docket 202-1 at pp. 1-5.  She asked USPS to admit that "Yashira Quiles-Carrasquillo, María Bruno, Rebecca Mangual, Gwendolyn O'Barro, Cristina Medina, [and] Magda Cabeza complained to USPS about Luis Soto-Soto's conduct."  Docket No. 160 at p. 3; Docket No. 160-1 at pp. 3-4.  Quiles-Carrasquillo also asked USPS to "[a]dmit that the USPS did not implement the Zero Tolerance Policy and/or any disciplinary proceedings against Luis J. Soto Soto in response to Maria Bruno, Rebecca Mangual, Gwendolyn O'Barro, Cristina Medina, [or] Magda Cabeza's complaints."  Id.

USPS objected to the first request, taking issue with the vagueness of the terms "complained" and "conduct" and with the fact that "the date, nature and scope of the purported complaint or conduct are not defined or specified." (Docket No. 160 at p. 3.) USPS "only admit[ted] that Maria Bruno, Rebecca Mangual, Gwendolyn O'Barro, Cristina Medina, [and] Magda Cabeza complained about Luis Soto Soto's conduct." Id. at pp. 3-4. In other words, USPS made the admission with respect to each of the other allegedly affected employees, but not Quiles-Carrasquillo. To her second request, USPS objected that "[t]he term 'implement' [is] undefined, unclear, and imprecise." Id. at p. 4. USPS also objected that the request "assumes or implies that taking disciplinary action is the only way to 'implement' the USPS's Zero Tolerance Policy." Id. USPS responded to the second set of requests with a single word, "Denied." Id.

Quiles-Carrasquillo challenged the sufficiency of USPS's responses (Docket No. 160), and USPS replied (Docket No. 175.) The magistrate judge found USPS's responses were sufficient, noting that the requests for admission were "vague, imprecise and ambiguous . . . ." (Docket No. 190.) The magistrate judge also noted that "[t]he [requests for admission] are objectionable as drafted, for example, by not defining what implementing means in the context of the Zero Tolerance Policy and assuming that

Civil No. 23-1468 (FAB)                                                    5

disciplinary action is the only way to implement it."  Id. (internal quotation marks omitted).  Quiles-Carrasquillo asked for reconsideration (Docket No. 196), which the magistrate judge denied (Docket No. 200.)  Quiles-Carrasquillo currently challenges both the magistrate judge's initial order and his denial of her request for reconsideration.  (Docket No. 202.)

**II.  Discussion**

    **A.   Fine for Production Order**

USPS raises two arguments against the magistrate judge's finding that it must pay a one hundred-dollar fine for being ordered to produce the OIG report.  First, it argues that being charged a fine is improper because the OIG report was not compelled.  See Docket No. 198 at pp. 3-5.  Quiles-Carrasquillo's motion was not granted, and the USPS had agreed to voluntarily release the report once the protective order was entered.  Id. Second, it argues that the fine is improper because Quiles-Carrasquillo's motion was procedurally faulty.  See id. at pp. 5-7. USPS also argues that Quiles-Carrasquillo should be assessed a one hundred-dollar fine for filing a faulty motion to compel.  See id. at p. 7.

As an initial matter, the Court clarifies a misconception by USPS that the magistrate judge's protective order is a report and recommendation subject to *de novo* review.  See

Civil No. 23-1468 (FAB)                                                                 6

Docket No. 198 at p. 3; Fed. R. Civ. P. 72(b). The order is not a report and recommendation. Rather, it is a non-dispositive pretrial order. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 6 (1st Cir. 1999) (describing dispositive orders as those which "fully dispose[] of a claim or defense"); Gladu v. Magnusson, No. 1:22-cv-00134-SDN, 2025 U.S. Dist. LEXIS 118161, at *2 (D. Me. Jun. 23, 2025) (treating discovery orders as non-dispositive). Accordingly, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Court "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, we form a strong, unyielding belief that a mistake has been made." Phinney, 199 F.3d at 4 (internal quotation marks omitted). "When . . . review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard" and "there is no practical difference" between the Rule 72(a) standard and the Rule 72(b) standard. PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010). "Mixed questions of law and fact invoke a sliding scale of review pursuant to which the more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard)." Gladu,

Civil No. 23-1468 (FAB)                                                           7

2025 U.S. Dist. LEXIS 118161 at *2 (citing In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013)).

      The magistrate judge's decision to fine USPS one hundred dollars was not clearly erroneous or contrary to law.  The Case Management Order indicates that:

> If a disagreement among the parties results in the need to file motions to compel discovery, no motion will not be reviewed unless it contains a statement by the movant, pursuant to Local Rule 26(b), that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion.  Any discovery dispute which is not resolved will be brought to the attention of the Court.  *If a party has objected to an interrogatory or a request for production of documents and the Court orders the interrogatory answered or the document produced, the objecting party will be fined $100.00 for each objection.*  If the objection is sustained by the Court, the proponent of the interrogatory or request for production of document will be fined $100.00.

Docket No. 130 at p. 9 (emphasis added).

The Case Management Order does not specify that the motion to compel must be granted for the opposing party to be sanctioned with a one hundred-dollar fine.  Instead, it simply indicates that if a party objects to a production request and the court orders the document produced, the objecting party will be fined one hundred dollars.  That is what happened here – USPS objected to producing the report, claiming it was not in its records (which later proved to be false), and the court ordered the report produced.  That USPS was later willing to release the report is

Civil No. 23-1468 (FAB)                                                    8

immaterial because it had not yet produced the document when the production order was entered.

USPS also argues that because Quiles-Carrasquillo's motion to compel was procedurally faulty, the one hundred-dollar fine against it is improper. The magistrate judge, however, did not grant the motion to compel. The fine is based on the production order, not the motion to compel. Any issue with that motion is irrelevant – as discussed above, because the document was ordered produced, the one hundred-dollar fine was consistent with the Case Management Order.

Last, the Court rejects USPS's request to charge Quiles-Carrasquillo one hundred dollars for her mooted motion to compel. See Docket No. 198 at p. 7. Pursuant to the Case Management Order, the court will only fine the proponent of a request for production if the opposing party's objection is sustained. See Docket No. 130 at p. 9 ("If the objection is sustained by the Court, the proponent of the interrogatory or request for production of document will be fined $100.00"). Here the objection was not sustained. Quiles-Carrasquillo's motion was found moot, but USPS was still ordered to produce the requested document. Charging Quiles-Carrasquillo one hundred dollars for her mooted motion to compel would be inconsistent with the Case Management Order.

Civil No. 23-1468 (FAB)                                                          9

### B.   Requests for Admission

Quiles-Carrasquillo objects to the magistrate judge's order rejecting her challenge to USPS's responses to her second request for admission, whether USPS implemented the Zero Tolerance Policy and/or took disciplinary action against Luis Soto in response to the incidents alleged by Quiles-Carrasquillo and the other USPS employees.  The Court finds that the magistrate judge's orders were not clearly erroneous or contrary to law.

When answering a request for admission, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Id. "As the party requesting the admissions, [Quiles-Carrasquillo] bears the burden of setting forth [her] requests simply and directly, not vaguely or ambiguously, so as to permit a simple admit or deny without explanation, or with a qualification or explanation for clarification."  Boudreau v. Pitt, C.A. No. 17-301WES, 2024 U.S. Dist. LEXIS 147462, at * 1 (D.R.I. Aug. 19, 2024).

USPS denied Quiles-Carrasquillo's request to admit that it did not implement the Zero Tolerance Policy and/or take disciplinary action against Soto in response to the alleged incidents of misconduct.  In other words, USPS stated that it did, in fact, implement the Zero Tolerance Policy and/or take disciplinary action.  USPS qualified these admissions by objecting to the vagueness of the term "implement" and lack of detail about what counts as implementing the Zero Tolerance Policy.  Qualifying a denial does not automatically make a response improper.  See United States ex rel. Dyer v. Raytheon Co., No. 08-10341-DPW, 2013 U.S. Dist. LEXIS 135691, at *13 (D. Mass. Sept. 23, 2013) ("Raytheon's response is not evasive. It is qualified to address what Defendant sees as a potentially problematic ambiguity"); Wiwa v. Royal Dutch Petroleum Co., No. 96 Civ. 8386 (KMW) (HBP), 01 Civ 1909 (KMW) (HBP), 2009 U.S. Dist. LEXIS 45621, at *17 (S.D.N.Y. May 21, 2009) ("Qualifying a response may be particularly appropriate if the request is sweeping, multi-part, involves sharply contested issues, or goes to the heart of defendant's liability").  Here, USPS's qualification served to clarify the extent of its admission given the apparent disagreement on what is required to implement the Zero Tolerance Policy.  While Quiles-Carrasquillo may dislike or disagree with it, USPS's answer is not legally insufficient.

Civil No. 23-1468 (FAB)                                                  11

Therefore, the magistrate judge's orders rejecting Quiles-Carrasquillo's challenge to USPS's responses are not clearly erroneous or contrary to law.

## III. Conclusion

For the reasons set forth above, USPS's requested relief to set aside the $100.00 fine is **DENIED**.  The $100.00 fine imposed on the USPS is upheld.  (Docket No. 198.)  Quiles-Carrasquillo's requested relief concerning the requests for admission is also **DENIED**.  (Docket No. 202.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 25, 2025.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE